JOHN CHAPMAN *et al. vs.* HAWAIIAN GOVERNMENT.

EXCEPTIONS.

DECISION RENDERED DECEMBER 23, 1887. NOT HITHERTO REPORTED.

JUDD, C.J., McCULLY, PRESTON, BICKERTON, JJ.

Interest on damages is not recoverable as interest in an action of tort, unless specifically authorized by statute.

The action was trespass *vi et armis,* and the plaintiffs claimed $35,150.39 with interest, for damages resulting to them for injury done to their property by the defendant, etc. The only property of the plaintiffs in this case was the steamship "Madras," and there was no evidence of injury done by the defendant to her.

New trial ordered, as the verdict for plaintiffs was contrary to law.

OPINION OF THE COURT, BY PRESTON, J.

This case was tried before McCully, J. and a jury at the last April Term when a verdict was found for the plaintiffs in the following terms :

"The jury have arrived at the following decision that the plaintiff is entitled to recover damages for the detention of the *Madras* as follows :

Detention of the vessel for 50 days (and not 53 as
    claimed) ---------------------------------------$ 10,500 00
Subsistence of 738 men for 50 days at thirty cents
    a day (and not at forty as claimed)----------- 11,070 00
4 boat loads fresh water------- ----------------- 300 00
79½ tons of coal -------------------------------- 1,073 25
                                                      $ 22,943 25

with interest from 2d June, 1883."

The complaint is as follows :

"John Chapman of London, England, owner of thirty-eight shares in the British steamship *Madras* hereinafter mentioned,

Mountjoy Pearse of Stockton on Tees, England, owner of nine shares in the said *Madras*, Joseph W. Morgan of Middlesex, England, owner of eight shares in the said *Madras*, Henry Gotto of said London, owner of three shares in the said *Madras*, George Y. Blair of said Stockton, owner of two shares in the said *Madras*, Theodore C. Taylor of York, England, owner of two shares in the said *Madras*, and Herbert A. Harris of said London, owner of two shares in the said *Madras*, the said plaintiffs, claim of the Hawaiian Government, the said defendant, thirty-five thousand and one hundred and fifty $\frac{39}{100}$ dollars, with interest from the 2d day of March, A. D. 1886, for damages resulting to them for injury done to their property by the defendant, for that on or about the 10th day of April, A. D. 1883, the said British steamship *Madras* of the gross burthen of $1681\frac{22}{100}$ tons, the property of the plaintiffs in proportion as aforesaid, in charge and under the command of W. H. Bradley as master, arrived at the port of Honolulu of the Island of Oahu, one of the said Hawaiian Islands, from Hong Kong, China, bound for said Honolulu with about six hundred Chinese passengers for said Honolulu and about one hundred and thirty-nine Chinese passengers *en route* for Victoria in British Columbia, and with the contagious disease of small-pox prevailing among the said passengers, of which disease the Board of Health of the said Hawaiian Government was duly informed by the said master ; and due application was thereupon made on behalf of the said *Madras* that she might be entered at the Custom House of the said Hawaiian Government at the said port of Honolulu, and that the said passengers bound for Honolulu as aforesaid might be landed in quarantine ; but the defendant, with force and arms for a period of about fifty-three days from the said 10th day of April, A. D. 1883, to the 4th day of June, A. D. 1883, or thereabouts, prevented and detained the said *Madras* from coming inside of the said port of Honolulu, from entering at the said Custom House, from landing any of the said passengers in quarantine or otherwise, and during this period of time neglected and refused to establish any quarantine to be performed by the said *Madras*, though requested to do so by the representatives of the plaintiffs ; but the

defendant compelled the said *Madras* to remain, and detained her in the open roadstead of the said port during the said period, to the damage of the plaintiffs as aforesaid according to the bill of particulars hereto annexed and made a part of this complaint, which the plaintiffs allege was done in contravention of their private rights under the law."

BILL OF PARTICULARS.

| | | |
|---|---:|---:|
| Loss on 1681 tons gross register for detention at six pence per day according to customary allowance of British Admiralty Courts, say £42 0s. 6d. per day, for 53 days = £2227 6s. 6d., or_____ | $ 11,136 | 62 |
| Subsistence of 739 men for 53 days at 40 cents per day = $295.60 per day_____ | 15,666 | 80 |
| Four boats of fresh water_____ | 300 | 00 |
| 79½ tons of coal for condensing water for use on board at $13.50_____ | 1,073 | 25 |
| Interest from June 2, 1883, to March 2, 1886, or 2 years, 9 months_____ _____ . . | 6,973 | 72 |

$ 35,150  39

At the trial it was proved that the *Madras* had been refused quarantine for fifty days, and the learned Judge held that such refusal was a ground of action and, *inter alia*, that the plaintiffs were entitled to interest on the damages the jury might allow.

The deposition of the plaintiff, John Chapman, taken on commission, was read on behalf of the plaintiffs, in which deposition the plaintiff estimates the expenses of the vessel during her detention (giving the items) at £1450, and the expense of feeding the passengers at £2800. He also states the allowance made by the English Admiralty Court for detention, of six pence per ton gross register per day, is the actual loss sustained.

Counsel for the defendant excepted to several parts of the charge of the Judge, and also to several instructions asked and given for the plaintiffs, and also to the refusal of the Judge to give certain instructions asked for by the defendant. And they also excepted to the verdict of the jury as being contrary to the

law and the evidence, and gave notice of motion for a new trial. The motion for a new trial was refused *pro forma*, and exception duly taken.

### BY THE COURT.

These exceptions were argued before us at the last July Term, and after a consideration of the several matters urged we requested the attendance of counsel for both parties, and with a view to save further expenses we stated how the matter appeared to us and suggested that counsel should endeavor to settle the matter, but we are informed that no satisfactory arrangement can be arrived at.

The first point is : Was the Judge correct in instructing the jury that the plaintiffs were entitled to recover interest upon the damages awarded ?   Upon a consideration of the authorities, we are of opinion that such instruction was incorrect, and that interest upon damages cannot be recovered as interest in an action of tort, unless specifically authorized by statute.   Therefore the verdict of the jury, so far as it gives such interest, is contrary to law and the defendant would be entitled to a new trial on that ground alone, but if this were the only ground we would not order a new trial unless the plaintiffs declined to reduce the damages.

But there is one other and far more serious reason why we think the verdict cannot stand.   And in this view we deem it to be unnecessary to discuss the several exceptions taken to the instructions and rulings of the Judge who tried the cause.

The action is one of trespass *vi et armis*, and the plaintiffs claim $35,150.39 with interest for damages resulting to them for injury done to their *property* by the defendant for, etc., as stated in the complaint.   Now the only property of the plaintiffs in question in this case is the steamship *Madras*, and it does not appear to us that there is any evidence of any injury done by the defendant or its agents to such property, and therefore the plaintiffs can only obtain nominal damages upon the complaint and evidence as it stands.   In fact it does not appear to us now that any of the evidence, except that as to the forcible preven-

tion (and we must take it to be forcible) of the entry of the vessel into port, was relevant to the matter in dispute on the pleadings.

We would remark that the plaintiffs have not set out their claim for special damages, even if it had been an action on the case for consequential damages for the alleged wrong or breach of duty of the defendant, in a manner to enable evidence of such damage to go to a jury. Under these circumstances we are of opinion that the verdict is contrary to law and must be set aside, consequently there must be a new trial, and we so order. We would remark that no exception to the ruling of the Judge as to interest or to the form of the complaint was made at the trial. The plaintiffs must pay the costs of the appeal. The costs of the previous trial to be costs in the cause.

*S. B. Dole* and *L. A. Thurston*, for plaintiffs.

*W. A. Whiting* and *A. Rosa, Attorney-General*, for defendant.
42